## Case No. 15,358.

### UNITED STATES v. HESS.

[5 Sawy. 533; 25 Int. Rev. Rec. 201, 240; 8 Reporter, 102;[1] 11 Chi. Leg. News, 320.]

Circuit Court, D. Oregon. June 5, 1879.

TAX SALE—DESCRIPTION—MISTAKE IN SALE.

1. Unless required by statute, a levy or seizure of real property for the purpose of sale to satisfy a debt or tax, may be made without going upon the premises, by making a memorandum upon the warrant of the description of the premises for the purpose of a levy and sale.

2. A deputy collector of internal revenue to whom a warrant was directed for the collection of a delinquent tax due from Joseph H., levied upon three hundred and thirty acres of land belonging to said Joseph H., when said tax became due, by entering upon said warrant a correct description of the premises by metes and bounds, but at the same time incorrectly stated therein, that they were in the occupation of John H., who lived over two miles distant from the premises, and afterwards offered the premises upon which said John H. lived for sale upon the erroneous assumption that they were the premises of Joseph H., upon which he had levied as above, and there being no bidders, declared the same purchased for the United States for the amount of the tax, interest thereon and charges. Held, that there was no sale of the premises levied upon as the property of Joseph H., and that the United States took nothing by the subsequent conveyance to it from the collector.

Action to recover real property.

Rufus Mallory, for plaintiff.

Benton Killin, for defendant.

DEADY, District Judge. This action is brought to recover the possession of the south half of the donation of Joseph Hess

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 8 Reporter, 102, and 25 Int. Rev. Rec. 201, contain only partial reports.]

and Mary L., his wife, situate in Yamhill county, in township 3 south, range 3 west of the Wallamet meridian, and containing three hundred and thirty acres. It was brought against John Hess, who answered that he was in possession only as a tenant of his mother, Mary L. Hess, whereupon the latter was made defendant in his place. The cause was heard by the court without the intervention of a jury. The complaint alleges that the plaintiff is the owner of the premises, and entitled to the possession of the same. The answer denies these allegations, and sets up that the defendant is the owner of the premises.

The material facts are as follows: On and before June 1, 1868, the premises belonged to Joseph Hess, who, together with his wife, Mary L., on October 31, 1868, for the expressed consideration of one thousand dollars, conveyed the same to their son Tilman C. Hess; and on December 14, 1868, for the expressed consideration of five hundred dollars, said Tilman C. and Rachel M., his wife, conveyed the same to said Mary L. On June 1, 1868, a tax was assessed by the United States against said Joseph Hess of eight hundred and sixteen dollars and sixty-seven cents, with a penalty of five per centum thereon, amounting in the aggregate to eight hundred and fifty-seven dollars and fifty-seven cents, for the occupation of a distiller, and a tax of two dollars per gallon upon three hundred and fifty gallons of distilled spirits, and payment of the amount duly demanded of said Joseph Hess prior to January 4, 1871, when a warrant was duly issued to a deputy collector of internal revenue, for the collection of said tax with interest and charges. By virtue of section 3186 of the Revised Statutes, upon the demand and non-payment of this tax, it became a lien upon all the property of Hess from the time it was due. On March 22, 1871, the deputy seized the premises and sold the same at the residence of John Hess, by declaring them purchased for the United States for the amount of said tax and interest and charges, amounting to one thousand two hundred and sixty-two dollars and sixty-six cents; and on April 20, 1872, the collector of internal revenue duly conveyed the premises to the United States. This, in brief, is the statement contained in the collector's deed concerning the seizure and sale of the premises, which is made by the law (section 3199, Rev. St.) "prima facie evidence of the facts therein stated." But upon the trial, it appeared from the testimony of the deputy collector and otherwise, that said deputy was never upon the land nor nearer to it than the residence of John Hess upon the Wallace donation, which is about two and one quarter miles from the dwelling-house on the Joseph Hess donation; that said Hess at the date of the assessment of said tax, and for some years prior thereto, lived on the Wallace donation, where he carried on a distill-

ery, and that prior to January 4, 1871, he left the country and has remained absent ever since; that John Hess, his son, also lived on the Wallace donation near his father, at this time, and during the proceedings under the warrant, lived in the house occupied by his father prior to his departure; that the notice of the seizure and the time and place of sale were given to John Hess; that the only levy or seizure of the premises was made by correctly describing them on the warrant or other memorandum of the levy by metes and bounds, but incorrectly stating therein that they were in the occupation of John Hess, whereas they were, and for some time had been, in the possession of a third person; that this error in the description was carried into the notice of sale, and the deputy collector, supposing that the distillery was upon the Hess donation, while, in fact, it was upon the Wallace donation, actually sold the latter premises to satisfy the tax against Joseph Hess.

By section 3197 of the Revised Statutes, the sale may be made at any place within five miles of the property seized in the discretion of the officer making the same. Objection is made to this levy because the deputy collector did not go upon the land to make it, or in some way signify the fact to the occupant thereof. Under the Code of Oregon it would not be a good levy. According to its provisions a levy must be made by leaving with the occupant of the premises, or if there be no occupant, then in a conspicuous place thereon, a copy of the writ. Or. Civ. Code, §§ 147, 280. But there is nothing in the internal revenue acts making the local law in this respect applicable to seizures to enforce the collection of a tax, while in the absence of any statute to the contrary, it seems to be the general rule in the states of this Union, that a levy upon or seizure of real property for the purposes of sale, may be legally made without going upon the premises, by simply indorsing a description of the premises upon the writ, and stating that they are levied upon for the purpose thereof. Catlin v. Jackson, 8 Johns. 546; Armstrong v. Rickey [Case No. 546]. Freeman on Executions (section 280, says): "Judges frequently speak of a levy, and sometimes of a seizure, of real estate under an execution. Notwithstanding this fact, it may well be doubted whether a levy is essential to a sale; and, if essential, whether any one can confidently state the acts indispensable to its legal existence. * * * Where there are no statutory provisions governing the officer, a mere entry on the writ, or an advertisement of sale, or making a memorandum descriptive of the premises, intending it for the purpose of levy, is generally regarded as a sufficient levy." To constitute, then, the seizure authorized by section 3196 of the Revised Statutes, it seems only necessary that the officer entrusted with the execution of the warrant should indorse a

description of the premises thereon, for the purpose of a levy and sale, as required therein, and give notice thereof to the owner as provided in section 3197 of the Revised Statutes.

Whether the incorporation of an unnecessary, but erroneous and probably misleading statement in the description of the premises—as that they were in the occupation of John Hess when they were not, and were distant two miles from his residence—vitiated the levy, it is not necessary now to consider. This sale was made at the house of John Hess and upon a levy and notice of sale which described the premises as being in his occupation, and was in fact a sale of the premises then in the occupation of John Hess, and under the misapprehension that they were the premises in controversy—the south half of the Joseph Hess donation. No one attended the sale or paid any attention to it, and the consequence was that that property which was worth from three thousand dollars to five thousand dollars appears to have been purchased by the United States for less than one thousand three hundred dollars.

Upon these facts there was no valid sale of the premises in controversy, and the prima facie case made out in the deed to the plaintiff is overthrown by the evidence. There must be a finding of fact and law for the defendant that she is the owner of the premises and entitled to the possession of the same.